# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAL WAGNER STUDIOS, INC., d/b/a WAGNER PORTRAIT GROUP,<br><br>Plaintiff,<br><br>v.<br><br>KRIS ELLIOTT, PAM ELLIOTT, BRAD GUTIERREZ, CINDY HARGRAVE, ROBERT BRAY, PHIL WALKER and SHARON VANSAGHI,<br><br>Defendants. | Case No. 3:09-CV-0031-MJR |

## **ORDER**

**REAGAN, District Judge:**

On January 9, 2009, Plaintiff Hal Wagner Studios, Inc. (hereinafter "Wagner") filed this action against Defendants alleging ten counts (Doc. 2), including, but not limited to, a claim for injunctive relief to enforce a non-compete agreement against Kris Elliott, a claim for conversion against all Defendants, a breach of fiduciary duty claim against Kris and Pam Elliott, and a tortious interference with a business relationship claim against Kris and Pam Elliott.

On February 6, 2009, the Court entered its Order Issuing Preliminary Injunction (Doc. 46) and indicated therein that a subsequent Order would follow providing a more detailed explanation of the Court's findings of fact and conclusions of law. That supplement was filed on February 19, 2009 (Doc. 53).

On February 20, 2009, Defendants filed a motion for additional and amended findings of fact (Doc. 57). The Court hereby **DENIES** Defendants' motion.

The Court fully assessed all of the evidence and testimony presented at the preliminary injunction hearing in making its ruling on whether preliminary injunctive relief was warranted.

The findings of fact supplementing the Court's preliminary injunction go primarily to the issue of whether Plaintiffs' case has a likelihood of success on the merits.[1]  The Court found that the evidence submitted by the parties indicates that Wagner's case does in fact have a likelihood of success on the merits, particularly on the question of whether Elliott has waived any breach of contract.  None of Defendants' proposed amendments or additional findings, if adopted, would provide a basis for altering the Court's determination that Wagner has "a better than negligible chance of succeeding."  *Cooper v. Salazar*, **196 F.3d 809, 813 (7th Cir. 1999).**

Accordingly, the Court hereby **DENIES** Defendants' motion for additional and amended findings of fact (Doc. 57).

**IT IS SO ORDERED.**

**DATED this 23d day of February 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1]  Wagner was also required to submit evidence that no adequate remedy of law exists; it will suffer irreparable harm if injunctive relief is not granted; the balance of the equities weighs in its favor; and the public interest supports injunctive relief.  ***See, e.g., Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1054-55 (7th Cir. 2004);** *Cooper v. Salazar*, **196 F.3d 809, 813 (7th Cir. 1999).**  However, the instant motion attacks only the Court's findings on the "likelihood of success on the merits" prong.