## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAL WAGNER STUDIOS, INC., ) <br> d/b/a WAGNER PORTRAIT GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KRIS ELLIOTT, PAM ELLIOTT, ) <br> BRAD GUTIERREZ, ) <br> CINDY HARGRAVE, ROBERT BRAY, ) <br> PHIL WALKER, and ) <br> SHARON VANSAGHI, ) <br> ) <br> Defendants. ) | Case No. 09-CV-0031-MJR |

## ORDER

**REAGAN, District Judge:**

On January 9, 2009, Plaintiff Hal Wagner Studios (hereinafter "Wagner") filed this action against Defendants alleging ten counts (Doc. 2), including: (1) a claim for injunctive relief to enforce the non-compete agreement against Kris Elliott, (2) breach of contract claim against Kris Elliott, (3) a claim under the Computer Fraud and Abuse Act against Kris Elliott, Pam Elliott, and Brad Guitierrez, (4) a claim for replevin against all Defendants, (5) a claim for conversion against all Defendants, (6) a breach of the duty of loyalty claim against all Defendants, (7) a breach of fiduciary duty claim against Kris and Pam Elliott, (8) a tortious interference with business and contractual relationships/expectancy claim against Kris and Pam Elliott, (9) a civil conspiracy claim against all Defendants, and (10) a claim for unfair competition against all Defendants. Plaintiff's prayers for relief in Counts 1, 2, 5, 6, 7, 8, 9, and 10 seek attorney's fees, in addition to other damages.

On January 30, 2009, Defendants Kris and Pam Elliott moved to strike these requests for attorney's fees, noting that Illinois law does not permit an award of attorney's fees absent a statute or contractual agreement permitting their recovery (Doc. 36). Plaintiff submitted a response on February 16, 2009, admitting that attorney's fees were not recoverable under Counts 1 and 2 (Doc. 47). However, Plaintiff argued that it can recover attorney's fees as to Counts 5–10 because fees are recoverable as part of the punitive damages award when the defendant's wrongful conduct has been wilful, wanton, malicious, or oppressive.

Indeed, attorney's fees are allowable as an element of punitive damages under Illinois law, though the Court may not award attorney's fees "as a separate entity distinct from punitive damages." ***E.J. McKernan Co. v. Gregory***, **623 N.E.2d 981, 1004 (Ill. App. Ct. 1993);** ***Glass v. Burkett***, **381 N.E.2d 821, 826 (Ill. App. Ct. 1978).** Further, "[w]hile attorney fees can be considered when awarding punitive damages, it is not within the purview of this court to award such fees outright, nor should they be awarded under the guise of a punitive damages award." ***Int'l Union of Operating Eng'rs, Local 150 v. Lowe Excavating Co.***, **870 N.E.2d 303, 325 (Ill. 2006).**

Wagner's complaint, in its current form, appears to request attorney's fees by separate award. However, Wagner states that it is willing to amend its complaint in order clarify that it only seeks attorney's fees in Counts 5–10 insofar as they can be considered as part of the Court's determination of punitive damages.

Accordingly, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Defendants' motion to strike (Doc. 36) and **FINDS** that attorney's fees are not recoverable as a separate award in this case. However, rather than striking Plaintiff's prayers for attorney's fees, the Court **PERMITS** Plaintiff to file an amended complaint removing its request for attorney's fees

from Counts 1 and 2 and clarifying its prayers for relief as to attorney's fees in Counts 5–10 with the understanding that such fees may only be considered if punitive damages are awarded.

Plaintiff's amended complaint shall be filed **no later than March 9, 2009.** Defendants shall file new answers according to the deadlines provided in the **FEDERAL RULES OF CIVIL PROCEDURE**.

**IT IS SO ORDERED.**

**DATED this 26th day of February 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
